Behrooz P. Vida, SBOT No. 20578040
THE VIDA LAW FIRM, PLLC
3000 Central Drive
Bedford, Texas 76021
Tel: (817) 358-9977
Fax: (817) 358-9988
ATTORNEYS FOR AMANDA BROOKE SHARP

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| MATTHEW SCOTT SHARP | § | CASE NO. 26-42625-ELM |
| Debtor | § | |

## <u>MOTION FOR RELIEF FROM STAY</u>

TO THE HONORABLE JUDGE OF THE SAID COURT:

AMANDA BROOKE SHARP ("<u>Movant</u>"), files this Motion for Relief from Stay (the "<u>Motion</u>"), against MATTHEW SCOTT SHARP ("<u>Debtor</u>"), and would respectfully requests the Court to enter an order terminating the automatic stay to allow Movant to: (a) continue to prosecutes her divorce petition for entry of a divorce decree, (b) proceed to make a claim against the funds on deposit in the registry of the 325th district court in Tarrant County, Texas.

## <u>NOTICE</u>

PURSUANT TO LOCAL BANKRUTPCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNTED STATES BANKRUPTCY COURT AT 501 W. 10TH ST., ROOM 147, FT. WORTH, TX 76102-3643 BEFORE CLOSE OF BUINESS ON **AUGUST 3, 2026** WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF.  A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND

MOTION FOR RELIEF FROM AUTOMATIC STAY                                    PAGE 1 of 4

COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and §1334.

2. This is a core proceeding.

3. This Motion constitutes a contested matter pursuant to Rule 9014 of Federal Rules of Bankruptcy Procedure.

4. This motion is brought pursuant to 11 U.S.C. §§ 105, 361, 362 and Rule 4001 of Federal Rules of Bankruptcy Procedure.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## STATEMENT OF FACTS

6. Movant and Debtor were married on July 5, 2003.

7. On February 5, 2025, Movant filed a petition for divorce in a case styled: *In the Matter of the Marriage of Amanda Brooke Sharo and Matthew Scott Sharp, and in the Interest of Austin Dean Sharp and Mason Parker Sharp, Children,* Cause No. 325-763332-25, 325th District Court, Tarrant County, Texas. (the "Divorce Proceeding").

7. By an Agreed Order signed on February 12, 2026, in the Divorce Proceeding, Movant and Debtor agreed to the sale of real estate located at 5110 Old Oak Lane, Colleyville, Texas 76034 (the "Property").

8. After the sale of the Property, the proceeds of the sale of the Property were deposited into the registry of the 325th District Court, Tarrant County, Texas, and remain to this day in *custodia legis.*

MOTION FOR RELIEF FROM AUTOMATIC STAY                                      PAGE 2 of 4

9.     On April 21, 2026, after an evidentiary hearing, the presiding judge in the Divorce Proceeding, in open Court granted a divorce as of that date.

10.     Debtor's bankruptcy has for all practical purposes stopped (1) distribution to Movant from the Registry of the 325th District Court, and (2) the signing of the Final Divorce Decree.

**FIRST GROUNDS FOR RELIEF**
**SIGNING OF THE DIVORCE DECREE IN THE DIVORCE PROCEEDING**

11.     Out of an abundance of caution, Movant seeks relief from the automatic stay for cause, under 11 U.S.C. § 362(d)(1), to remove any impediment for the presiding judge in the Divorce Proceeding to sign a Final Divorce Decree.

12.     Movant contends that the signing of a Final Divorce Decree by the presiding judge in the Divorce Proceeding, is a mere ministerial function and not subject to the automatic stay. Movant's contention is based on the trial which was held on April 21, 2026, and the evidence which was presented.     At conclusion of the trial, based on the record presented, the presiding judge in the Divorce Proceeding stated:

> "The Court will grant your divorce as of today's date. That's granted as of today's date on the grounds of insupportability and will sign an order that comports only with your agreement."

13.     Movant contends cause exists for termination of stay to facilitate the signing of a Final Divorce Decree.

**SECOND GROUNDS FOR RELIEF**
**THE DEPOIT IN REGISTRY OF 325TH**
**DISTRICT COURT IS NOT PROPERTY OF ESTATE**

14.     Movant seeks relief from the automatic stay for cause, under 11 U.S.C. § 362(d)(1), in order to make her claim against funds on deposit in the registry of the 325th District Court.

MOTION FOR RELIEF FROM STAY                                    PAGE 3 of 6

15.     Funds held in a court registry are held in *custodia legis*—in the possession and control of the court itself.   Property in *custodia legis* does not become property of a bankruptcy estate merely because one litigant files bankruptcy. Courts, in several jurisdictions including Texas, consistently hold that money deposited with a court remains subject to that court's exclusive control until the court issues orders administering it.

16.     As the Bankruptcy Court for the Northern District of Texas has explained, "[p]roperty in *custodia legis* is held in possession of a court on behalf of the court," and "[t]he court retains control over the held property until it issues orders administering the property."[1]

17.     Applying that principle, courts have repeatedly rejected attempts to treat court-held bonds or deposits as estate property.[2]

18.     Other courts applying 11 U.S.C. § 541 reach the same conclusion. *In Matter of Lockard*,[3] the Ninth Circuit Court of Appeals held that a surety bond posted in litigation was not "property of the estate" within the meaning of § 541.

19.     Additionally, in *Raymark Industries, Inc.,*[4] the court recognized that a debtor's interest in a cash deposit held in *custodia legis* is, at most, a contingent reversionary interest, which does not make the funds fully available to the bankruptcy estate.

20.     The cited authorities reflect a consistent rule: bankruptcy does not strip a non-bankruptcy court of control over funds it holds, nor does it transform conditional security into

---

1 *In re Gibralter Res., Inc.,* 197 B.R. 246, 253 (Bankr. N.D. Tex. 1996), *aff'd sub nom. In re Gibraltar Res., Inc.*, 202 B.R. 586 (N.D. Tex. 1996).

2 *See, e.g., Carter Baron Drilling v. Excel Energy Corp.,* 76 B.R. 172, 174 (D. Colo. 1987) (holding funds "held by the court in *custodia legis* as a supersedeas bond are not an asset or property of [the debtor's] bankruptcy estate.").

3 884 F.2d 1171, 1172 (9th Cir. 1989).

4 *Raymark Indus., Inc. v. Lai,* 973 F.2d 1125, 1129 (3d Cir. 1992).

estate property by assertion alone.

21. Therefore, the estate will not suffer any harm by this Court terminating the stay as to Movant to pursue collection as against funds on deposit in the registry of the 325th District Court, Tarrant County, Texas.

22. Movant requests that based on the facts of this case, cause exists for the requirements of Bankruptcy Rule 4001(a)(3) to be waived.

WHEREFORE, PREMISES CONSIDERED, Movant prays for an order of the Court granting relief from stay so that it may proceed to take all remedies available to her under Texas law and for such other and further relief as is just.

Respectfully submitted:

By: /s/ Behrooz P. Vida    July 20, 2026
Behrooz P. Vida
State Bar No. 20578040
THE VIDA LAW FIRM, PLLC
3000 Central Drive
Bedford, Texas 76021
EMAIL: filings@vidalawfirm.com
TEL: (817) 358-9977
FAX: (817) 358-9988

## CERTIFICATE OF CONFERENCE

Undersigned had a conference with the debtor's counsel Clayton Everett on 7/13/2026. The Motion is opposed.

Undersigned attempted a conference with Chapter 7 Trustee, Marilyn Garner, on 7/16/2026. Trustee did not respond. It is assumed the Motion is opposed.

/s/ Behrooz P. Vida    July 20, 2026
Behrooz P. Vida

MOTION FOR RELIEF FROM STAY                                     PAGE 5 of 6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and forgoing instrument was served on the date that the instrument was filed electronically.   Service was accomplished electronically and/or by first class mail to the parties indicated on the mailing matrix attached to the original certificate filed with the Court.

| | |
|---|---|
| Matthew Scott Sharp<br>4420 Henderson Ave<br>North Richland Hills, TX 76180 | VIA US MAIL |
| Clayton Everett<br>515 E. Border St., Ste 163<br>Arlington, TX 76010 | VIA ECF |
| Marilyn Garner<br>Chapter 7 Trustee<br>Law Offices of Marilyn D. Garner<br>2001 E. Lamar Blvd., Suite 200<br>Arlington, TX 76006 | VIA ECF |
| Parties having filed NOA | Via ECF |

/s/ Behrooz P. Vida      July 20, 2026
Behrooz P. Vida