Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Phone: (817) 704-3984 | clayton@norredlaw.com
Attorney for the Debtor

United States Bankruptcy Court
Northern District of Texas
Fort Worth Division

In re:

Matthew Scott Sharp

Debtor.

Case No. 26-42625-elm7

Chapter 7

## DEBTORS' RESPONSE IN OPPOSITION TO CREDITOR AMANDA BROOK SHARP'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Debtor Matthew Scott Sharp ("Debtor") file this Limited Response in Opposition to Creditor Amanda Brook Sharp's ("Amanda Sharp") Motion for Relief from the Automatic Stay [Doc. 15], and respectfully show the Court as follows:

## SUMMARY OF RESPONSE

1. Debtor does not oppose entry of orders in the divorce proceeding that merely dissolve the marriage or address matters that do not determine, transfer, or enforce rights in property of the bankruptcy estate. Debtor does oppose relief permitting Movant to obtain, divide, or collect from the approximately $401,124.57 held in the registry of the 325th Judicial District Court of Tarrant County, Texas (the "Registry Funds").

2. The Registry Funds are traceable proceeds of the parties' marital residence. The agreed order authorizing the sale required all net proceeds to be deposited in the state-court registry and disbursed only by written agreement of the parties or further order of that court. No prepetition order awarded the Registry Funds to Movant, and the proposed final decree attached to the Motion has not been signed by Debtor or entered by the state court.

3.      Custodia legis describes who physically controls the funds; it does not eliminate the Debtor's legal or equitable interest in them. At minimum, Debtor held an undivided interest and enforceable rights in the Registry Funds on the petition date. Those interests became property of the estate under 11 U.S.C. § 541(a)(1) and, to the extent the funds are community property under applicable Texas law, § 541(a)(2). The Chapter 7 Trustee, not an individual creditor, should determine and administer the estate's interest for the benefit of all creditors.

## JURISDICTION AND VENUE

4.      Debtor admits paragraph 1 of the Motion.

5.      Debtor admits paragraph 2 of the Motion.

6.      Debtor admits paragraph 3 of the Motion.

7.      Debtor admits paragraph 4 of the Motion.

8.      Debtor admits paragraph 5 of the Motion.

## STATEMENT OF FACTS

9.      Debtor admits the allegations in paragraph 6 of the Motion.

10.     Debtor admits that Movant filed the divorce proceeding identified in paragraph 7 of the Motion, but denies any allegation inconsistent with the state-court record.

11.     Debtor admits that the parties entered an agreed order authorizing sale of the marital residence. That order required the net sale proceeds to be deposited into the registry of the state court and provided that the proceeds could be disbursed only upon written agreement of the parties or further order of that court.

12.     Debtor admits that approximately $401,124.57 was deposited into the state-court registry following the sale. Debtor denies that the deposit itself transferred ownership of the proceeds to Movant or extinguished Debtor's interest in them.

13.     Debtor admits that the state court stated in open court on April 21, 2026, that it would grant a divorce on the ground of insupportability and would sign an order comporting only with the parties' agreement. Debtor lacks sufficient information to admit that the unsigned proposed decree attached to the Motion accurately or completely reflects the agreement placed on the record and therefore denies that allegation. Debtor specifically states that he did not sign the proposed final decree and that it has not been entered by the state court.

14.     Debtor denies that this bankruptcy improperly prevented Movant from receiving Registry Funds. The automatic stay preserves disputed property interests and prevents one claimant from obtaining a distribution outside the collective bankruptcy process.

## ARGUMENT

15.     Section 362(b)(2)(A)(iv) permits continuation of a proceeding for dissolution of a marriage, except to the extent the proceeding seeks to determine the division of property that is property of the estate. Accordingly, the state court may dissolve the marriage without stay relief, but adjudication or implementation of a division of the Registry Funds remains stayed. 11 U.S.C. §§ 362(a)(3), 362(b)(2)(A)(iv).

16.     The Motion seeks more than a ministerial act. The proposed decree would award Movant seventy percent of the net sale proceeds, award Debtor thirty percent, divest each party of the other's claimed share, allocate debts and contingent liabilities, and direct transfers of property. Because the proposed decree has not been signed by Debtor or entered by the state court, entry of that decree would make and implement a substantive property division after the bankruptcy filing.

17.     The Motion's custodia-legis argument conflates possession with ownership. The Registry Funds remain under the state court's control, but the February 12, 2026 agreed order did not assign the proceeds to Movant. It expressly preserved the parties' competing interests by requiring either

their later written agreement or a further court order before disbursement. The estate succeeds to Debtor's legal and equitable interests as they existed on the petition date. 11 U.S.C. § 541(a)(1)-(2).

18.     *In re Gibraltar Resources, Inc.* does not establish a categorical rule that money in a court registry can never implicate property of a bankruptcy estate.[1] That litigation addressed whether a debtor had completed a prepetition transfer or assignment of its right to payment. Here, no entered property-division judgment or executed assignment transferred Debtor's interest in the Registry Funds to Movant before bankruptcy. The unsigned proposed decree instead confirms that a future adjudication or agreement was still required.

19.     The Fifth Circuit instructs that the automatic stay protects property whose estate status is subject to a nonfrivolous dispute until the bankruptcy court determines the issue.[2] Movant therefore should not be permitted to obtain or distribute the Registry Funds based on a unilateral assertion that they are outside the estate.

20.     Cause does not exist under § 362(d)(1). The Registry Funds are secure, liquid, and held by the state court. Continuation of the stay causes no physical deterioration, depreciation, or loss of collateral. Movant may assert any claim, ownership interest, domestic support claim, or other entitlement in this Court, while the Trustee investigates and administers the estate pursuant to 11 U.S.C. § 704(a)(1).

21.     The estate and its creditors would be prejudiced by stay relief allowing a seventy-percent distribution to Movant before the Trustee determines the estate's rights, evaluates claims and

---

[1] 197 B.R. 246 (Bankr. N.D. Tex. 1996) dealt with the trustee's inability to recover debtor's funds *after* entry of a final judgment disposing of the debtor's interest.
[2] *See Brown v. Chesnut (In re Chesnut)*, 422 F.3d 298, 303-04 (5th Cir. 2005).

exemptions, and provides notice to creditors. Such a distribution would bypass the Bankruptcy Code's collective process and could materially reduce funds available for allowed claims.

22.     Adequate protection is already provided by maintaining the Registry Funds in the state-court registry pending further order. Debtor proposes that the stay remain in effect as to any adjudication, transfer, withdrawal, collection, or disbursement of the Registry Funds, while permitting the Trustee to seek turnover, agreement, or other appropriate relief. If the Court permits the state court to enter a divorce decree, the order should expressly prohibit any determination or enforcement of a division of the Registry Funds or other property of the estate absent further order of this Court.

### V. PRAYER FOR RELIEF

WHEREFORE, Debtor respectfully requests that the Court deny the Motion to the extent it seeks authority for Movant to make a claim against, obtain, divide, withdraw, collect, or receive the Registry Funds; continue the automatic stay as to the Registry Funds and all other property of the estate; permit the Chapter 7 Trustee to investigate and administer the estate's interest in the Registry Funds for the benefit of creditors; and grant such other and further relief to which Debtor may be entitled.

Alternatively, if the Court grants limited relief concerning the divorce proceeding, Debtor requests that the order be limited to dissolution of the marriage and other matters excluded from the stay by 11 U.S.C. § 362(b)(2) and expressly provide that the state court may not determine, transfer, enforce, or disburse any interest in the Registry Funds or other property of the estate without further order of this Court.

DATED: August 4, 2026.                    Respectfully submitted,

                                          Norred Law, PLLC
                                          By: /s/ Clayton L. Everett
                                          Clayton L. Everett
                                          Texas State Bar No. 24065212
                                          clayton@norredlaw.com
                                          515 E. Border Street
                                          Arlington, Texas 76010
                                          Telephone: (817) 704-3984
                                          Counsel for Debtor

### CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2026, a true and correct copy of the foregoing document was served electronically via the Court's CM/ECF system on all parties registered to receive electronic notices in this case, including counsel for Movant Amanda Brooke Sharp (Behrooz P. Vida, filings@vidalawfirm.com) and the Chapter 7 Trustee Marilyn D. Garner.

                                          /s/ Clayton L. Everett
                                          Clayton L. Everett