REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME
TRIAL COURT CAUSE NO. 325-763332-25

| | | |
|---|---|---|
| IN THE MATTER OF | ) | IN THE DISTRICT COURT |
| THE MARRIAGE OF | ) | |
| | ) | |
| AMANDA BROOK SHARP | ) | TARRANT COUNTY, TEXAS |
| AND | ) | |
| MATTHEW SCOTT SHARP | ) | 325TH DISTRICT COURT |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FINAL DIVORCE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BE IT REMEMBERED that on the 21st day of April, 2026, the following proceedings came on to be heard in the above-entitled and -numbered cause before the Honorable Cynthia Terry, judge presiding, held in Fort Worth, Tarrant County, Texas.

Proceedings reported by Machine Shorthand.

A P P E A R A N C E S

ATTORNEY FOR THE PETITIONER:

Ms. Constance A. Mims
SBOT NO. 24060284
MIMS BALLEW HOLLINGSWORTH, PLLC
301 Commerce Street, Suite 2040
Fort Worth, Texas 76102
Telephone:  817-900-8330
Facsimile:  817-900-8339
E-mail:  Service@familylaw-tx.com

ATTORNEY FOR THE RESPONDENT:

Mr. Robert J. McEwan
SBOT NO. 24043122
KOONSFULLER, P.C.
550 Reserve Street, Suite 450
Southlake, Texas 76092
Telephone:  817-481-2710
Facsimile:  817-481-2637
E-mail:  Robert@koonsfuller.com

CHRONOLOGICAL INDEX
VOLUME 1

April 21st, 2026                                    Page   Vol.

Proceedings...............................    4      1

| PETITIONER'S WITNESSES | Direct | Cross | Voir Dire | Vol. |
|---|---|---|---|---|
| Amanda Sharp | 5 | 12 | | 1 |

| RESPONDENT'S WITNESSES | Direct | Cross | Voir Dire | Vol. |
|---|---|---|---|---|
| Matthew Sharp | 13 | | | 1 |

Court's Ruling............................ 16      1

Proceedings Concluded..................... 17      1

Reporter's Certificate.................... 18      1

EXHIBITS

| PETITIONER'S NO.   DESCRIPTION | Offered | Admitted |
|---|---|---|
| NA | | |

| RESPONDENT'S NO.   DESCRIPTION | Offered | Admitted |
|---|---|---|
| NA | | |

P R O C E E D I N G S

(April 21st, 2026, 11:40 o'clock a.m.)

THE COURT:  We are on the record in Cause No. 325-763332-25, and this is in the matter of the marriage of the Sharps and in the interest of the Sharp children.  It is April 21st of 2026, and this was the date set for a final trial in this matter.

Counsel, if you'd please announce for the record.

MS. MIMS:  Constance Mims for the Petitioner, Amanda Sharp.

MR. MCEWAN:  Robert McEwan for the Counterpetitioner, Matthew Scott Sharp.

THE COURT:  All right.  It's been brought to the Court's attention that the parties have come to an agreement in this matter?

MS. MIMS:  Yes, ma'am.

MR. MCEWAN:  Yes, ma'am.

THE COURT:  And, Ms. Mims, are you going to read that agreement into the record?

MS. MIMS:  I am, ma'am.

THE COURT:  All right.  Before you do that, I'll have your clients, please, raise your right hands.

(Witnesses sworn in)

THE COURT:  All right.  You may proceed, Counsel.

MS. MIMS:  And don't forget he's taking it down, so he has to hear you.

MRS. SHARP:  I do.

MS. MIMS:  Okay.

AMANDA SHARP,

having been first duly sworn, testified as follows:

DIRECT EXAMINATION

BY MS. MIMS:

Q.   State your full name for the record.

A.   Amanda Sharp.

Q.   And you are the Petitioner in this case, correct?

A.   Yes, ma'am.

Q.   And you are currently married to Scott Sharp, correct?

A.   Yes.

Q.   And he's the Respondent, Counterpetitioner?

A.   Yes.

Q.   And you were married on July 5th, 2003?

A.   Correct.

Q.   And where were you married?

A.   In Fort Worth.

Q.   And this case was filed on February 4th, 2025.

                        At the time that we filed, you had
lived in Tarrant County, Texas, for more than six
months, correct?

A.   Yes.

Q.   And your marriage has become insupportable
because of discord or conflict of personalities between
you and the Respondent; is that right?

A.   Yes.

Q.   And that discord has destroyed the legitimate
ends of the marriage, correct?

A.   Yes.

Q.   And there is no reasonable expectation of
reconciliation between you and him, is there?

A.   Correct.

Q.   And you are asking the Court to grant you a
divorce today on the ground of insupportability; is that
right?

A.   Yes.

Q.   And neither of you, to your knowledge, has
filed for bankruptcy, correct?

A.   Correct.

Q.   All right.  And you have two children of your
marriage?

A.   Yes.

Q.   And that is Austin, who is 18, and Mason, who

is 15?

A.   Yes.

Q.   And where are you currently living?

A.   In Colleyville.

Q.   At 5110 Old Oak lane, Colleyville, Texas; is that right?

A.   Yes.

Q.   And that -- when we talk about the sale of the house, that's the home that is being sold, correct?

A.   Correct.

Q.   All right.  Just remember, only let me talk and then you talk.  He's been taking us down one at a time.

All right.  So with respect to the conservatorship of your children, Scott is going to be the parent who decides the primary residence of Parker restricted to Tarrant County, Texas, correct?

A.   Yes.

Q.   And Austin is 18, for the record.  And Parker is going to -- his -- his school is going to be restricted to either Covenant Christian school --

MS. MIMS:  Is that the name of it?

MR. SHARP:  Covenant Christian Academy.

MS. MIMS:  Okay.

Q.   (BY MS. MIMS)  -- Covenant Christian Academy; is that right?

A.   Yes.

Q.   Or Birdville ISD or HEB ISD, correct?

A.   Yes.

Q.   And unless otherwise agreed, he's going to be restricted to those schools specifically, correct?

A.   Yes.

Q.   All other rights and duties will be held independently by you and Scott subject to meaningful consultation with one another, correct?

A.   Yes.

Q.   And the possession schedule that you guys agreed to, that is a week-on, week-off possession with exchanges on Sundays at 6 p.m.; is that right?

A.   Yes.

Q.   And we'll flesh it out later, but basically it'll reset after a holiday, right?

A.   Yes.

Q.   And you guys are going to have the same holidays that you already have under the temporary orders, right?

A.   Yes.

Q.   All right.  And then Scott is going to pay child support to you beginning May 1st, 2026, the same as what is in the temporary orders, correct?

A.   Yes.

Q.   And then beginning June 1st, 2026, $1200 per month, correct?

A.   Yes.

Q.   And Scott is going to continue to cover Parker and Austin under his health insurance and dental insurance, correct?

A.   Yes.

Q.   And as long as the plan is the same price for both children, Scott is going to continue to cover Austin until Parker emancipates as per the family code, correct?

A.   Yes.

Q.   All other provisions for the children's insurance under the temporary orders is going to continue, correct?

A.   Yes.

Q.   As far as property division is concerned, each of you will keep your own retirement accounts, investment accounts, other financial accounts, and debts in your own name; is that right?

A.   Yes.

Q.   And each of you will keep all personal property in your possession, correct?

A.   Yes.

Q.   And each of you will keep all travel awards and

virtual property in your name, correct?

A.   Yes.

Q.   And Scott will get the Colonial Club Membership in his name, which is currently pledged to the bank, correct?

A.   Yes.

Q.   Scott is also awarded all interest in property and liabilities in the following businesses:  Another Life, Incorporated; Sharp Bancsystems, Inc.; RegulatoryData, LLC; and Solar Car Club, correct?

A.   Yes.

Q.   And his interest in Pop's Family Irrevocable Trust and the estate of Joe Estill Sharp are confirmed as his separate property, correct?

A.   Yes.

Q.   Now, as far as the sale of your home that we mentioned earlier, all the provisions for sale set forth in the temporary orders will remain in effect except they'll be modified such that you get 70 percent of the net proceeds and Scott gets 30 percent of the net proceeds; is that correct?

A.   Yes.

Q.   And the 1974 Corvette is awarded to Scott, correct?

A.   Yes.

Q.   And the 2022 BMW M-44i (sic) and the 2018 Tahoe are awarded to Scott, correct?

A.   Yes.

Q.   However, you are entitled to possession of the BMW until the 30th day following the date the proceeds of the home are funded to you, correct?

A.   Yes.

Q.   And each one of you are agreeing to execute and transfer all documents necessary to effect the agreement of the parties within ten days of receipt of same, correct?

A.   Yes.

Q.   And as far as your phone number and Austin's phone number, Scott is going to execute all documents and do everything necessary to transfer yours and his phone number -- yours and Austin's phone numbers to you, which are 817-980-9062 and 682-217-2641, respectively, within ten days of this agreement, correct?

A.   Yes.

Q.   And you -- your agreed order that's in the court's records on what to do through -- for income taxes through 2024 shall become the order of the court in the divorce decree, correct?

A.   Yes.

Q.   And you're changing your name to Amanda Brooke

Hall, which is your maiden name, correct?

A.   Correct.

Q.   And you are not changing your name to avoid creditors or any kind of criminal prosecution, correct?

A.   Correct.

Q.   All right.   And then you're each agreeing to indemnify the other party for any suits, whether pending or future, for which that party was responsible for the property in this agreement, correct?

A.   Yes.

Q.   And you are each agreeing to pay your own attorney's fees and costs in this -- in this case, correct?

A.   Yes.

MS. MIMS:   Pass the witness.

THE COURT:   Any questions for this witness?

MR. MCEWAN:   Yes, Your Honor.

CROSS-EXAMINATION

BY MS. MCEWAN:

Q.   When it comes to the BMW, you understand that when you turn it over, you need to turn over anything related to BMW?   So any keys or anything else that's related to that car needs to go to Mr. Sharp when you turn it over.

A.   Okay.

MR. MCEWAN:  Pass the witness.

THE COURT:  All right.  Any other witnesses to call?

MS. MIMS:  No.

MR. MCEWAN:  Call Mr. Sharp.

THE COURT:  All right.

MATTHEW SHARP,

having been first duly sworn, testified as follows:

DIRECT EXAMINATION

BY MR. MCEWAN:

Q.   Sir, is your name Matthew Scott Sharp?

A.   Yes.

Q.   You're the Counterpetitioner in this petition for divorce?

A.   Yes.

Q.   And you have heard the agreement that we have read into the record?

A.   Yes.

Q.   And you agree to all the terms, including conditions regarding your child and the division of property?

A.   Yes.

Q.   You understand that if we had a trial today that it could have been better, it could have been

worse?

A.   Yes.

Q.   Okay.  You understand that the Court is going to adopt this agreement, and we are going to incorporate it into a final decree of divorce?

A.   Yes.

MR. MCEWAN:  Your Honor, I'd pass the witness.

THE COURT:  Any questions for this witness?

MS. MIMS:  No, Your Honor.

THE COURT:  All right.  So I just want to make sure that no one has promised either of you anything other than whatever is in the agreement as stated, correct?

MR. SHARP:  Correct.

MRS. SHARP:  Correct.

THE COURT:  Okay.  And you understand that in addition to the agreement that Ms. Mims questioned you -- your wife about that there will be additional language in the decree required by statute, you understand that?

MRS. SHARP:  Yes.

THE COURT:  Okay.  And that you understand that it's expected once your attorneys -- respective

attorneys presents the final divorce decree to you and you have reviewed it, as long as it I complies with the agreement as stated on record, you understand it's expected that you'll sign it; is that right?

MRS. SHARP:  Yes.

MR. SHARP:  Yes.

THE COURT:  Okay.  All right.  And then in the event anyone disagrees with the language in the order, either attorney has the right to ask the Court to enter an order that comports with the agreement.

And who is drafting the agreement, Counsel?

MS. MIMS:  I will.

THE COURT:  Okay.  Ms. Mims, I think you guys know how it works with me.  Ms. Mims will draft the agreement.  If there's any disagreement as to whether or not that's the way it should be entered, if the attorneys cannot work it out, I am here to have a hearing on that.  And we will operate off of Ms. Mims most recent draft at the time from top to bottom.  Okay?

And are you both asking me to grant your divorce as of today's date?

MR. SHARP:  Yes.

MRS. SHARP:  (Witness nods).

THE COURT:  And you are nodding yes.

Okay.  And then -- all right.

COURT'S RULING

THE COURT:  Well, based upon the testimony of the parties as well as the Court's judicial notice, which has been taken of the court's file, the Court finds that all prerequisites of law have been met giving the Court jurisdiction over the parties and the subject matter.

The Court does find that the marriage has become insupportable and that the -- the proposed agreement regarding the property, debts, and the child, including the provisions regarding the 18-year-old child regarding the health insurance, does find that all of those provisions are in the minor child's best interest and are fair and equitable and will create a just and right division.

The Court will grant your divorce as of today's date.  That's granted as of today's date on the grounds of insupportability and will sign an order that comports only with your agreement.  Okay?  All right. Good luck to you both.  I think you guys did a -- did a great job here for your family.  So I wish you both the best.

MS. MIMS:  Thank you, Your Honor.

MR. MCEWAN:  Thank you, Your Honor.

THE COURT:  You're welcome.

(PROCEEDINGS CONCLUDED, 11:50 o'clock a.m.)

THE STATE OF TEXAS )

COUNTY OF TARRANT )

I, Kirk W. Moss, Official Court Reporter for the 325th District Court of Tarrant County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $275.00 and will be paid by KoonsFuller Law Firm.

WITNESS MY OFFICIAL HAND this the 12th day of June 2026.


/S/ Kirk W. Moss
Kirk W. Moss, Texas CSR No. 7245
Expiration Date: 3/31/27
Official Court Reporter
325th District Court
Tarrant County, Texas
Fort Worth, Texas 76196
(817) 884-1445