Marilyn D. Garner
Chapter 7 Trustee
2001 East Lamar Blvd., Suite 200
Arlington, Texas  76006
(817) 505-1499;  (817) 549-7200 (FAX)
Email:  mgarner@marilyndgarner.net

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| In re:<br>MATTHEW SCOTT SHARP<br><br>Debtor. | Case No. 26-42625-elm7<br><br>Chapter 7 |

**TRUSTEE'S LIMITED RESPONSE IN OPPOSITION TO CREDITOR AMANDA BROOK SHARP'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Marilyn D. Garner, Trustee of the referenced chapter 7 case (the "Trustee") in this Limited Response in Opposition to Creditor Amanda Brook Sharp's ("Amanda Sharp") Motion for Relief from the Automatic Stay [Doc. 15], and respectfully show the Court as follows:

1.      Prior to the filing of this case, Debtor and his spouse owned certain real property located in Tarrant County, Texas.   In connection with a pending divorce action, the 325th Judicial District Court of Tarrant County, Texas entered an order authorizing Debtor and Movant his spouse to sell their marital  homestead.   The former marital homestead has been sold and net proceeds in the amount of approximately $401, 124.57 have been deposited into the registry of

1

the 325th Judicial District Court of Tarrant County.   As of this date, no order has been entered by the 325th Judicial District Court to either party to disburse the sale proceeds.

2.      Debtor filed the instant chapter 7 case on June 15, 2026.  Marilyn D. Garner was appointed as the chapter 7 Trustee.   The 341 meeting of creditors was held on  July 22, 2026. Trustee expects to file a Notice of Assets soon in this case.

3.      As of the petition date, Debtor held an undivided interest and enforceable rights in the funds held in the registry of the 325th Judicial District Court.  Debtor's interests in the sale proceeds, that are community property, and other assets owned by Debtor, became property of the estate under 11 U.S.C. § 541(a)(1) and (2).   Trustee expects to file a Notice of Assets in this case.

4.      On information and belief, Trustee is advised that Debtor and his spouse may have announced an oral agreement in the family law matter to share the proceeds from the sale of the former marital homestead.  On further information and belief,  Trustee is advised that Debtor believes that there remain ongoing, material disputes between the parties (including, but not limited to payments for house and pool repairs, division of insurance refunds and proper allocation of a pending income tax refund) and that these remaining issues may have prevented the execution and entry of a Final Decree in the divorce case.

5.      Trustee believes that because the Final Decree has not been signed by the parties nor entered by the 325th Judicial District Court, the full amount of the deposit remains community property to which both parties are entitled to share equally.   Debtor's share of the net proceeds represent a non-exempt asset of this chapter 7 Estate.

6.      Movant asserts that the net sale proceeds should be shared 70/30, with 70% of the

proceeds paid to Movant and 30% paid to Debtor. If the 70/30 scheme is followed, Movant would receive approximately $280,700.00 and Estate would receive approximately $120,000.00. A standard 50/50 share of the proceeds would yield approximately $200,000.00 to the Estate for the benefit of creditors.

7. Trustee does not oppose modification of the automatic stay to permit the 325th Judicial District Court to enter its order dissolving the marriage or addressing matters that do not determine, transfer, or enforce rights in property of the bankruptcy estate such as child support, visitation, health insurance for minor children and other non-monetary matters. Trustee does, however, oppose any relief at this time that would permit Movant to obtain, divide, or collect from the approximately $401,124.57 held in the registry of the 325th Judicial District Court.

8. Trustee asserts that none of the funds now held in the registry of the Court should be disbursed until this Court determines what amount of the funds represent property of this bankruptcy Estate.

9. Section 362(b)(2)(A)(iv) permits continuation of a proceeding for dissolution of a marriage, except to the extent the proceeding seeks to determine the division of property that is property of the estate. Thus, the 325th Judicial District Court state court may dissolve the marriage without stay relief, but division of the funds held in the registry remain stayed. 11 U.S.C. §§ 362(a)(3), 362(b)(2)(A)(iv).

10. Trustee asserts that no cause exists for termination of the automatic stay as to the

funds held in the registry.   The funds are secure and not subject to waste or dissipation. The

Estate and its creditors would be prejudiced by stay relief if the proposed 70/30  division of the

proceeds is authorized before this Court determines the Estate's rights to the proceeds.

WHEREFORE, Trustee respectfully requests that the Court grant the Motion in part to

allow entry of a decree of divorce; deny the Motion in part to the extent it seeks authority for

Movant to receive the funds held in the registry of the 325th Judicial district Court; continue the

automatic stay as to the funds and all other property of the estate; permit the Chapter 7 Trustee

to investigate and administer the Estate's interest in the funds for the benefit of creditors; and

grant such other and further relief to which the estate may be entitled.

DATED: August 11, 2026.                           Respectfully submitted,


                                                  /s/ Marilyn D. Garner
                                                  Marilyn D. Garner, Chapter 7 Trustee
                                                  2001 East Lamar Blvd., Suite 200
                                                  Arlington, Texas  76006
                                                  (817) 505-1499;  (817) 549-7200 (FAX)
                                                  Email:  mgarner@marilyndgarner.net
                                                  Chapter 7 Trustee



**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2026, a true and correct copy of the foregoing document was served electronically via the Court's CM/ECF system on all parties registered to receive electronic notices in this case, including counsel for Movant Amanda Brooke Sharp (Behrooz P. Vida,   filings@vidalawfirm.com)   and   counsel   for   the   Debtor   Clayton   Everett, Clayton@norredlaw.com

                                                  /s/ Marilyn D. Garner
                                                  Marilyn D. Garner