CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 1, 2026**

______________________________
**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 26-42625-ELM |
| MATTHEW SCOTT SHARP, | § | |
| | § | Chapter 7 |
| Debtor. | § | |

**ORDER GRANTING RELIEF FROM AUTOMATIC STAY**

On July 20, 2026, Amanda Brooke Sharp ("**Movant**") filed a *Motion for Relief from Stay* [Docket No. 15] (the "**Motion**") to request modification of the automatic stay of 11 U.S.C. § 362(a) (the "**Automatic Stay**") to permit the continued prosecution of a divorce action (the "**Divorce Action**") pending under Cause No. 325-763332-25 in the 325th Judicial District Court of Tarrant County, Texas (the "**State Court**"), involving Movant and Matthew Scott Sharp (the "**Debtor**"), the chapter 7 debtor in this case, including the pursuit of a claim to certain funds on deposit in the registry of the State Court (the "**House Sale Proceeds**"). As required by the Court's local rules, the Motion included negative notice language directing any party opposed to the Motion to file a response within fourteen (14) days of the date of service of the Motion. As evidenced by the Certificate of Service attached to the Motion, the Motion was served on all proper and necessary parties, including the Debtor and Marilyn Garner (the "**Trustee**"), the duly appointed chapter 7 trustee in this case, on July 20, 2026.

On August 4, 2026, the Debtor filed an untimely response in opposition to the Motion [Docket No. 18] (the "**Debtor's Response**"). On August 11, 2026, the Trustee also filed an untimely response in opposition to the Motion [Docket No. 23] (the "**Trustee's Response**").

On October 29, 2026, the Court conducted a final evidentiary hearing on the Motion. The Movant, individually and by and through counsel, the Debtor, individually and by and through counsel, and the Trustee, individually, all appeared at the hearing.

Preliminarily, the Court considered the Movant's objection to the Debtor's Response and the Debtor's participation in the hearing on the basis of (a) the untimeliness of the Debtor's Response, and (b) the Debtor's alleged lack of standing. Both the Movant and the Debtor, by and through their respective counsel, presented argument on the matter to the Court. Having considered the untimeliness of the Debtor's response and the parties' respective arguments with respect to standing, for reasons stated on the record at the hearing, which are incorporated herein by reference, the Court agreed with the Movant, finding that the Debtor had failed to timely respond and that he also lacked standing to prosecute the particular objections that he had lodged to the Motion.

Thereafter, the Court conducted the evidentiary hearing as between the Movant and the Trustee and, at the end of the hearing, having considered the Motion, the Trustee's Response, the evidence presented, the docket in the case, and the representations and arguments of the parties, for reasons stated on the record, which are incorporated herein by reference, the Court found cause under 11 U.S.C. § 362(d)(1) to grant relief from the Automatic Stay under the terms set forth herein. Accordingly, it is hereby:

**ORDERED** that the Debtor's Response is STRICKEN as untimely and the Debtor's objections to the Motion are overruled on such basis, as well as for lack of standing; it is further

**ORDERED** that the Motion is GRANTED on the terms set forth herein; it is further

**ORDERED** that the Automatic Stay be and is hereby MODIFIED for cause pursuant to 11 U.S.C. § 362(d)(1) to permit the State Court and the parties to the Divorce Action, including, without limitation, the Movant, the Debtor, and the Trustee (should the Trustee intervene in the Divorce Action to protect the bankruptcy estate's interest in property of the bankruptcy estate claimed by the Movant and/or Debtor to constitute property of the marital estate in the Divorce Action) to take any and all action deemed necessary or appropriate to conclude all proceedings in the Divorce Action, including the State Court's entry of a final judgment, order, or decree in the Divorce Action; it is further

**ORDERED** that once a final judgment, order, or decree has been entered in the Divorce Action, the Movant and Debtor shall cooperate in the prompt filing of a true and correct copy of the same in this case so that this Court, the Trustee, and all creditors are provided notice of the same; it is further

**ORDERED** that the stay of Fed. R. Bankr. P. 4001(a)(4) is hereby waived and this Order shall be immediately effective and enforceable upon entry by the Court; it is further

**ORDERED** that any relief sought pursuant to the Motion which is not expressly granted above is denied; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all disputes with respect to the interpretation and enforcement of this Order.

# # # END OF ORDER # # #